# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| CRAIG DOWLING, ) | |
| ) | Case No. 1:20-cv-3 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| U.S. CORRECTIONS, LLC, JOHN DOE ) | |
| 1, JOHN DOE 2, LT. BAUER, SGT. ) | |
| CLARK, KNOX COUNTY SHERIFF, and ) | |
| KNOX COUNTY, TENNESSEE, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Craig Dowling's complaint for violation of 42 U.S.C. § 1983 (Doc. 2) is now before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §§ 1997e *et seq.*.

### I.  SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him of a federal right. 42 U.S.C. § 1983.

## II. DEFENDANTS U.S. CORRECTIONS, LLC, JOHN DOE 1, AND JOHN DOE 2

### A. Allegations

Plaintiff's claims against Defendant U.S. Corrections, LLC ("U.S. Corrections") and Defendants John Doe 1 and John Doe 2 (collectively, "the Doe Defendants") arise out of incidents that occurred in early January 2019 when U.S. Corrections transported Plaintiff through several states and jails during his extradition to Knox County. (*Id.* at 5–8.) Specifically, Plaintiff asserts that on January 3, 2019, while he was in the Southwest Regional Jail in Virginia, Defendant John Doe 1 threatened him by sticking a taser through the bars of his cell after Plaintiff and this Defendant had a verbal altercation and that both of the Doe Defendants then told Plaintiff that he was going to get a "special ride" when they left that jail. (*Id.* at 5–6.)

The next day, the Doe Defendants placed Plaintiff in a "cage" in the transport van without a seatbelt despite his protests, and Defendant John Doe indicated that putting Plaintiff in a seatbelt would "mess up the special ride" planned for Plaintiff. (*Id.* at 6–7.) While Plaintiff was in the transport van's cage without a seatbelt, Defendant John Doe 1 drove the transport van recklessly at high speeds, despite Plaintiff asking him to slow down since he did not have a seatbelt on, and intentionally "slammed the brakes" twice in a manner which caused Plaintiff injuries, specifically, a split lip, mouth bleeding, a cracked tooth, and a slight nose bleed. (*Id.* at

2

7.) Both Doe Defendants laughed at Plaintiff and/or made statements indicating that they did not care when he told them he was injured. (*Id.*)

When Plaintiff and the Doe Defendants then arrived at the jail in Ware County, Georgia, Plaintiff showed the Doe Defendants his injuries and asked for medical assistance, but both of them told Plaintiff that he should not have run his mouth and that they did not care. (*Id.* at 7–8.) Plaintiff then went to Defendant John Doe 2 and asked for medical treatment, to file a complaint, and for an injury report, but this Defendant waved him off and put him in a holding pen. (*Id.* at 8.)

### B. Previous Action

Notably, Plaintiff previously filed a complaint with this Court in which he sued the Doe Defendants as well as an entity he named as "Prison Transport Service," which was later identified as U.S. Corrections, and asserted claims arising out of the same series of events he sets forth in the instant complaint. *Dowling v. U.S. Corrections, LLC et al.*, No. 3:19-CV-129-TRM-DCP (E.D. Tenn. Nov. 19, 2019) ("*Dowling I*"). The Court dismissed *Dowling I* after screening Plaintiff's amended complaint and finding that it failed to state a claim upon which relief may be granted under § 1983. *Id.* at Docs. 23, 24. Plaintiff then filed a motion to reconsider that dismissal in which he added new facts about the incidents underlying his complaint. *Id.* at Doc. 25. The Court construed that motion as seeking relief under Rule 59(e) and denied it after finding that none of the allegations therein entitled Plaintiff to relief under Rule 59(e) and noting that none of Plaintiff's new factual allegations regarding the incidents underlying his complaint stated a claim upon which relief could be granted under § 1983. *Id.* at Doc. 27, at 3 n.2.

3

### C. Comparison of Actions

At or about the same time that the Court denied Plaintiff's motion for relief under Rule 59(e) in *Dowling I*, Plaintiff filed his complaint in this action. (Doc. 2.) In this new complaint, Plaintiff adds new factual allegations about the same incidents underlying *Dowling I*, many of which are notably different from, if not contradictory to, those he provided in his *Dowling I* filings and many of which appear to be, at least in part, intended to correct the deficiencies in Plaintiff's filings that the Court pointed out in its orders in *Dowling I*.

For example, in its memorandum opinion screening Plaintiff's amended complaint in *Dowling I* and finding that it failed to state a claim upon which relief may be granted under § 1983, the Court observed that nothing in the complaint suggested that the application of brakes that Plaintiff alleged caused him injury during transport van trip on January 4, 2019, was anything more than a normal driving reaction. *Id.* at Doc. 23, at 5. Plaintiff then stated in his motion for relief under Rule 59(e) that the driver of the transport van had twice applied the brakes hard and that the second application was to "intentionally jerk the van." *Id.* at Doc. 25, at 3. In its order denying this motion, the Court found that this allegation was conclusory. *Id.* at Doc. 27, at 3 n.2.

However, as set forth above, Plaintiff now alleges for the first time in his complaint that both Doe Defendants referenced a plan to give Plaintiff a "special ride" after Plaintiff had a verbal altercation with Defendant John Doe 1 on January 3, 2019, that he repeatedly protested his placement in the transport van's cage without a seatbelt on January 4, 2019, that Defendant John Doe 1 stated that a seatbelt would "mess up the special ride" planned for Plaintiff, that Defendant John Doe 1 then drove "recklessly" at high speeds with Plaintiff in the cage despite Plaintiff asking him to slow down because Plaintiff was not wearing a seatbelt, and that both

4

applications of brakes during the ride in which he was injured were intentional. (Doc. 2, at 6–7.) These allegations were notably absent from, if not contradicted by, Plaintiff's allegations regarding this same trip in his previous filings.

Similarly, in his amended complaint in *Dowling I*, Plaintiff alleged that when he and the Doe Defendants arrived at the Ware County Jail after he was injured, he made the Doe Defendants aware of his injuries and requested medical care, but they "fled" after depositing Plaintiff at the jail without helping him obtain medical care despite stating that "we will take care of everything when we get inside." *Dowling I,* at Doc. 21, at 4. The Court found that these allegations did not allow it to plausibly infer a violation of Plaintiff's constitutional rights, but rather suggested that "the John Doe Defendants allowed Plaintiff to pursue his medical care needs with the officials and medical providers at the Ware County Jail." *Id.* at Doc. 23, at 7. In his motion for Rule 59(e) relief, Plaintiff then reiterated these same allegations but also stated that he "forgot" to state in his amended complaint that the Doe Defendants were aware of his injuries after they arrived at the Ware County Jail and still failed to get him medical care. *Id.* at Doc. 25, at 3. In denying Plaintiff's motion, the Court stated that this allegation did not change its analysis of this claim. *Id.* at Doc. 27, at 3.

However, Plaintiff now, for the first time, alleges that when he showed the Doe Defendants his injuries and requested medical care upon their arrival at the Ware County Jail, both of the Doe Defendants told Plaintiff that he should not have run his mouth and that they did not care, at which point he went to Defendant John Doe 2 and asked for medical treatment, to file a complaint, and for an injury report, but this Defendant waved him off. (*Id.* at 7–8.) Again, these allegations are notably absent from, if not contradicted by, Plaintiff's allegations in his previous filings regarding this exact incident.

5

### D. Res Judicata

The doctrine of res judicata prevents "the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). The doctrine consists of two related concepts: claim preclusion and issue preclusion. *Taylor v. Reynolds*, 22 F. App'x 537, 538–39 (6th Cir. 2001).

> Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation.

*Id.* (internal citation omitted).

Dismissal for failure to state a claim upon which relief may be granted is a decision on the merits. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). "A completely duplicative complaint lacks an arguable basis either in law or in fact and[ ] [is] therefore . . . properly dismissed on the basis of res judicata." *Taylor*, 22 F. App'x at 539. Moreover, when a court knows that it previously decided an issue presented in an action, it may dismiss that issue *sua sponte* based on res judicata. *Arizona v. California*, 530 U.S. 392, 412 (2000).

It is apparent from a comparison of the record in this case and the record in *Dowling I* that Plaintiff's claims against U.S. Corrections and the Doe Defendants herein are duplicative of the claims that Plaintiff sought to bring against them in *Dowling I*. But this Court dismissed Plaintiff's claims against these Defendants in *Dowling I* because the amended complaint failed to state a claim against them upon which relief may be granted under § 1983. Res judicata therefore bars Plaintiff from correcting his previous failure to state a claim upon which relief

6

may be granted under § 1983 as to these Defendants by filing this new action against them based on the same underlying incidents.

### E. Other Grounds for Dismissal

Moreover, even if res judicata did not bar Plaintiff's claims against these Defendant U.S. Corrections and the Doe Defendants, Plaintiff's claims against them would still be subject to dismissal. Specifically, nothing in Plaintiff's complaint herein suggests that any custom or policy of U.S. Corrections caused any violation of his constitutional rights and the complaint therefore fails to state a claim upon which relief may be granted under § 1983 as to this entity. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Additionally, all of Plaintiff's interactions with the Doe Defendants underlying his complaint occurred no later than January 5, 2019 (Doc. 2, at 7), but the statute of limitations for such claims is one year,[1] and although more than one year has passed since these incidents, Plaintiff has not amended his complaint to name these individuals. Rule 15(c) of the Federal Rules of Civil Procedure provides that a plaintiff may amend his complaint to change the name of a defendant and such an amendment will relate back to the date of the original pleading if (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, (2) the added party received notice of the suit in the 90 days following the filing of the original complaint, (3) the notice was such that the added party will not be prejudiced in maintaining a defense on the merits, and (4) the added party knew or should have known that but for a mistake of the identity

---

[1] Federal district courts apply state statutes of limitations to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

of the proper party, the action would have been brought against him. Fed. R. Civ. P. 15(c); Fed. R. Civ. P. 4(m); *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001).

However, well-established Sixth Circuit case law provides that Plaintiff's failure to name the Doe Defendants prior to expiration of the statute of limitations for his claims bars those claims, regardless of whether or not these unnamed individuals had knowledge of Plaintiff's claims within the relevant time period. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (finding that "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[ ]"); *Smith v. City of* Akron, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that adding new, previously unknown Defendants in the place of Doe defendants is not equivalent to substituting parties, but rather amounts to addition of parties, and that Rule 15(c) offers no remedy to a plaintiff seeking to do so after the statute of limitations has passed).

Thus, Plaintiff's claims against U.S. Corrections and the Doe Defendants will be **DISMISSED**.

### III. REMAINING DEFENDANTS

#### A. Allegations

As to Defendants Lieutenant Bauer and Sergeant Clark, Plaintiff states that on January 5, 2019, he told them about the incidents set forth above and showed them his injuries, at which point they called ahead to the Mississippi County Jail, and Defendant Lieutenant Bauer stated all he could do was give Plaintiff ibuprofen and gave Plaintiff a complaint form. (Doc. 2, at 8.) As to Defendants Knox County Sheriff's Office and Knox County, Plaintiff states that when he arrived at the Knox County Jail, he received antibiotics and pain medicine and saw a dentist for

his injuries, but the dentist told him that he would need a cap drilled for a new part of a tooth and that they do not do that kind of work at the jail. (*Id.*)

### B. Knox County Sheriff's Office

First, the Knox County Sheriff's Office is not an entity that may be sued under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued under § 1983). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to this Defendant and it will be **DISMISSED**.

### C. Deliberate Indifference to Serious Medical Need

As to Defendants Lieutenant Bauer, Sergeant Clark, and Knox County, it appears that Plaintiff seeks to hold them liable under § 1983 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–05. Establishing the deprivation of a federal right in the Eighth Amendment medical context requires evidence that acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Thus, "[a] constitutional claim for denial of medical care has [both] objective and subjective components." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The objective component requires proof that the inmate is suffering from a sufficiently serious medical need, such that "he [was] incarcerated under conditions posing a substantial risk

9

of serious harm." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To be sufficiently serious, the medical need must be either (1) obvious to a layperson or (2) a condition diagnosed by a physician. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)).

The subjective component requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference is more than mere negligence and requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To meet this subjective standard, the defendant must have: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "draw[n] the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

### D. Analysis

Plaintiff alleges that Defendants Lieutenant Bauer, Sergeant Clark, and Knox County were made aware of Plaintiff's underlying injuries. However, nothing in the complaint suggests any of these Defendants perceived and disregarded a substantial risk to Plaintiff based on these injuries. Rather, upon learning of Plaintiff's injuries, Defendants Lieutenant Bauer and Sergeant Clark called ahead to the jail to which they were traveling so that Plaintiff could receive treatment there and Defendant Lieutenant Bauer provided Plaintiff ibuprofen and a complaint form. Nothing in the complaint allows the Court to plausibly infer that these Defendants disregarded any substantial risk to Plaintiff by failing to do more for his injuries at that time. Also, when Plaintiff arrived at the Knox County Jail, he received antibiotics and pain medicine and saw a dentist. While that dentist stated that Plaintiff would need additional dental work that

10

the jail does not provide, nothing in the complaint suggests that Plaintiff's need for this care put him at any risk such that Defendant Knox County's policy of not providing that care could have violated Plaintiff's constitutional rights.

Thus, nothing in the complaint allows the Court to plausibly infer that Defendants Lieutenant Bauer, Sergeant Clark, or Knox County violated Plaintiff's constitutional rights, the complaint fails to state a claim upon which relief may be granted under § 1983 as to them, and they will be **DISMISSED**.

### IV. CONCLUSION

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it is subject to dismissal as to all claims and Defendants. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**